UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN ANDREW CHAMBERS,<br><br>Defendant. | Case No. 1:18-cr-00076-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is the Motion for Compassionate Release filed by Defendant, Ryan Andrew Chambers (Dkt. 41), and the Motion to Dismiss filed by the Government (Dkt. 44). The Court will grant the Government's motion to dismiss (Dkt. 44) and will deny and dismiss Defendant's Motion for Compassionate Release (Dkt. 41).

## BACKGROUND

Chambers was convicted of possession of child pornography following his guilty plea and sentenced to 240 months of imprisonment. (Dkt. 22.) On May 6, 2019, he filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *See Chambers v. United States of America*, 1:18-cv-00168-BLW (D.

Idaho). This Court denied the motion and did not issue a certificate of appealability. (*See id.* at Dkt. 9.) The Ninth Circuit also denied Chambers' request for a certificate of appealability, and denied his request for reconsideration, noting that no further filings would be accepted in the case. (*See id.* at Dkts. 15, 16.)

On October 19, 2020, Chambers filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Dkt. 28.) In the motion, Chambers asserted that his medical conditions, combined with the COVID-19 pandemic, constituted extraordinary and compelling reasons supporting a reduction of sentence. (*Id.*) This Court denied the motion. (Dkt. 36.) Chambers appealed from that denial, and that appeal remains pending.

On September 27, 2021, Chambers filed a second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), claiming in support of his motion that he is actually innocent of the crimes of which he was convicted and sentenced. (Dkt. 41.) The Government has filed a motion to dismiss this second motion for compassionate release (Dkt. 44), and Chambers has filed an opposition to the Government's motion to dismiss (Dkt. 45).

## ANALYSIS

### A.   Exhaustion

To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies.

18 U.S.C. 3582(c)(1)(A). The statute provides, in relevant part, that a court

> [...] upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[...]

18 U.S.C. § 3582(c)(1)(A).

The Government contends that Chambers failed to administratively exhaust his claim of actual innocence. However, Chambers has provide the Court with documentation demonstrating that, in April 2021, he requested compassionate release based on a claim of actual innocence. (*See* Dkt. 45.) Therefore, Chambers has sufficiently demonstrated that he has exhausted his administrative remedies as to his claim of actual innocence.

### B.     Jurisdiction

As noted above, Chambers filed a previous motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), That motion was based on his health conditions and his risk arising from the COVID-19 pandemic. (Dkt. 28.) This Court denied that previous motion, finding that Chambers had not demonstrated extraordinary and compelling reasons warranting his release: "He is 39 years old and has no health conditions that put him at an increased risk of complications from COVID. Further, FCI Safford has only one inmate with an active COVID

infection and BOP is actively distributing vaccines." (Dkt. 36.) Chambers appealed that denial to the Ninth Circuit and that appeal remains pending. (*See* Dkt. 37.) While that appeal remains pending, Chambers filed a second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Dkt. 41), and that second motion is currently pending before this Court.

To the extent the pending motion for compassionate release involves the same subject matter as Chambers' appeal pending before the Ninth Circuit, this Court lacks jurisdiction over the motion. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of jurisdiction over those aspects of the case involved in the appeal."); *Natural Res. Def. Council, Inc. v. Sw. Marine Inc*., 242 F.3d 1163, 1166 (9th Cir.2001) ("Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed."); *United States v. Najjor*, 255 F.3d 979, 983 (9th Cir. 2001) ("[T] he filing of the notice of appeal conferred jurisdiction on the court of appeals and divested the district court of its control over those aspects of the case involved in the appeal.").

Here, Chambers' previous motion for compassionate release was based on his health concerns and the risks posed by COVID-19. However, in the presently

pending motion for compassionate release, he raises claims of actual innocence. Thus, it appears that this Court has jurisdiction over the pending motion.

Further, that Chambers' notice of appeal states he is both challenging the Court's denial of his previous compassionate release motion and raising a claim of actual innocence, (*see* Dkt.37 (notice of appeal)), does not deprive this Court of jurisdiction over Chambers' second motion for compassionate release, which also raises a claim of actual innocence. This is because Chambers did not raise the issue of actual innocence in his first motion for compassionate release, which is the subject of the appeal. Thus, the issue of actual innocence is not properly a part of that appeal.

### C. Claim of Actual Innocence

Chambers' motion for compassionate release is, as noted, based solely on his claim of actual innocence. As such, the motion presents a challenge to Chambers' underlying conviction. This challenge is not properly brought in a motion for reduction of sentence under § 3582(c)(1)(A), but must, instead, be brought through a motion under 18 U.S.C. § 2255. *See United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007) ("[W]hen a motion titled as a § 3582 motion otherwise attacks the petitioner's underlying conviction or sentence, that is an attack on the merits of the case and should be construed as a § 2255 motion."); *United States v. Maxwell*, 210 F.3d 363 (4th Cir.2000) (appellant's motion under 18 U.S.C. § 3582 "is more

**MEMORANDUM DECISION AND ORDER - 5**

appropriately characterized as a 28 U.S.C.A. § 2255 motion," and is subject to the requirements placed on second or successive § 2255 petitions); *United States v. McNeil*, 17 Fed. Appx. 383, 385 (6th Cir.2001) (motion brought under § 3582 challenging application of sentencing guidelines was deemed a second or successive § 2255 petition "regardless of [the defendant's] characterization of it as a motion under 18 U.S.C. § 3582")); *United States v. Savage-El*, 81 Fed. Appx. 626, 627 (8th Cir.2003) (upholding district court's treatment of defendant's § 3582 motion challenging his sentence as a successive § 2255 petition). Indeed, a motion under § 2255 is the only avenue through which a federal prisoner can test the legality of his detention. *See Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (§ 2255 "is the exclusive means by which a federal prisoner may test the legality of his detention").

Further, Chambers brought a previous § 2255 petition (Dkt. 26). Thus, the motion must be deemed a second or successive § 2255 petition, and this Court cannot exercise jurisdiction over the motion without § 2255(h) certification from the Ninth Circuit. *See* 28 U.S.C. § 2255(h);[1] *see also* R. 9 Governing § 2255

---

[1] Section 2255(h) provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Section 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by (Continued)

Proceedings for the U.S. Dist. Ct. ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8."); *Harrison v. Ollison*, 519 F.3d 952, 955-56 (9th Cir. 2008). Chambers has not sought, let alone received, such certification. Accordingly, the Court will dismiss the motion without prejudice.

Chambers requests that this Court recommend "approval" of a second § 2255 petition or § 2241. However, Chambers must apply to the Ninth Circuit Court of Appeals, not this Court, for certification to pursue a second or successive § 2255 petition. *See ibid.* Further, to the extent Chambers qualifies for the § 2255 "escape hatch" provided by § 2241,[2] he must file the petition in the custodial court, i.e., in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)

---

this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id*. § 2244(b)(3)(A). Not only has Chambers failed to seek prior authorization to bring a second or successive § 2255 motion as required by § 2255(h), but he has also failed to show grounds to bring such a motion because he fails to cite "newly discovered evidence" or "a new rule of constitutional law." *See* 28 U.S.C. § 2255(h).

[2] The escape hatch permits a federal prisoner to "file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.' " *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). "[A] prisoner may file a § 2241 petition under the escape hatch when the prisoner '(1)  makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.' " *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).

("[T]he plain language of the habeas statute [§ 2241] thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). According to the Federal Bureau of Prisons Inmate Locator, Chambers is currently incarcerated at FCI Fort Dix, which is located in New Jersey. *See* https://www.bop.gov/inmateloc// (last accessed Dec. 23, 2021); https://www.bop.gov/locations/institutions/ftd/ (last accessed Dec. 23, 2021). Thus, even assuming that Chambers qualifies for the § 2255 escape hatch of § 2241, and could thus pursue a § 2241 petition, this Court would not have jurisdiction over the petition. Accordingly, the Court will dismiss Chambers' motion.

## ORDER

**IT IS ORDERED that**

1. Defendant Chambers' Motion for Compassionate Release (Dkt. 41) is **DENIED;**

2. The Government's Motion to Dismiss (Dkt. 44) is **GRANTED**.

DATED: January 5, 2022

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 8